### LITTMAN *v.* COULTER.

#### (*City Court of New York, General Term.*   October 29, 1891.)

WITNESS—TRANSACTIONS WITH DECEDENT.

In an action against an administrator for rent due by his intestate, where defendant has testified to an agreement between the parties that intestate was not to pay rent for a given period, it is error to exclude questions put to one chosen by the parties as receiver of the rents whether the lessor or the intestate ever informed him of such an agreement.

Appeal from trial term.

Action by Morris Littman against Mary M. Coulter, as administratrix. There was judgment for defendant, and plaintiff appeals.

Argued before EHRLICH, C. J., and NEWBURGHER, J.

*Adolph L. Sanger*, for appellant.     *Wm. L. Flagg*, for respondent.

NEWBURGHER, J.    This action is brought to recover rent of certain premises in this city for the months of July, August, September, and October, 1886.    In 1885, Vernon K. Stevenson let the defendant's intestate part of the premises on the south-east corner of Fifty-Ninth street and Fifth avenue, under a yearly lease at a rental of $165 per month.    Stevenson having died, partition proceedings were instituted, and this property was sold to the plaintiff in February, 1886.    At that time defendant's intestate still continued and was in possession of the premises.    The plaintiff did not take title immediately, he claiming that there appeared some defects therein, and proceedings were instituted to relieve him of such purchase.    Pending such proceedings, the parties to the partition suit and plaintiff entered into an agreement, appointing one Richard H. Barker as receiver of the rents in the mean while, and the defendant's intestate continued to pay the rent up to and including the month of June, 1886.    The answer of the defendant admits that her intestate was in possession until October 1, 1886, but claims that he was to pay no rent during such period, and also alleges a counter-claim for conversion of certain personal property.    On the trial of this action Richard A. Barker was asked: "*Question.* Did Mr. Hugh Stevenson ever tell you in any way, shape, manner, or form, when he paid you the rent, as you say he did, that Mr. Coulter was to continue there, without paying rent, free of charge? (Objected to.   Objection sustained.   Exception.)   *Q.* Did you receive any word from Mr. Littman authorizing you to let Mr. Coulter continue in those premises, free of charge? (Same objection, ruling, and exception.)"   We think the trial justice erred in excluding this testimony.   The defense was that Coulter was to remain on the premises without paying rent, and defendant was permitted to testify to such an arrangement.   It was therefore proper on the part of the plaintiff to contradict any such testimony by the person chosen as trustee of the rents.   Without considering any of the other questions raised by appellant's counsel, the judgment must be reversed, and a new trial granted, with costs.